# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**JERMAINE SINGLETON**                    :

          **Petitioner**          :          **CIVIL ACTION NO. 3:18-1265**

     **v.**                    :               **(JUDGE MANNION)**

**DAVID K. WHITE**                    :

          **Respondent**          :

## ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Martin C. Carlson (Doc. 12), which recommends that the petition for writ of habeas corpus (Doc. 1) filed in the above-captioned matter be denied. Neither party has filed objections to the Report. Upon review of the Report and related materials, the Report of Judge Carlson will be adopted in its entirety.

When no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern. Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether

timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

On June 1, 2017, while incarcerated at the Federal Correctional Institution at Devens, Jermaine Singleton's ("Singleton") cell was searched, and a cell phone was found under his bed. (Doc. 12, at 1-2). After an investigation was conducted, an incident report was filed, which charged Singleton with a violation of Code 108—Possession of a Hazardous Tool (cellular phone). (Doc. 12, at 2). The Unit Disciplinary Committee held a hearing, after which they referred the incident to the Discipline Hearing Officer ("DHO"). (Doc. 12, at 2). After another hearing, the DHO found that Singleton had committed the infraction and sanctioned him with thirty days of disciplinary segregation, as well as, losses of good conduct time, non-vested good conduct time, and commissary. (Doc. 12, at 3-4).

Singleton's petition asserts that the disciplinary process violated his procedural due process rights and that the DHO decision is not supported by sufficient evidence. (Doc. 12, at 4-5).

> The [United States] Supreme Court set forth [six] requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional

safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action[; and (6)] . . . there must be some evidence which supports the conlcusion of the disciplinary tribunal.

*Bradley v. Harris*, No. 15-2514, 2017 WL 4550984, at *4 n.1 (M.D.Pa. Oct. 12, 2017) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974); *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 453-56 (1985)).

In his Report, Judge Carlson thoroughly addresses each argument raised by Singleton and points to specific facts, which satisfy the requirements of a prison disciplinary hearing articulated by the Supreme Court. This court has reviewed Judge Carlson's assessment of the instant petition and agrees with the sound reasoning which led him to the conclusions in his Report. Moreover, the court finds no clear error on the face of the record. As such, the court adopts the reasoning of Judge Carlson as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the Report of Judge Carlson (Doc. 12) is **ADOPTED IN ITS ENTIRETY**;

**(2)** the petition for writ of habeas corpus (Doc. 1) is **DENIED**;

**(3)** the court declines to issue a certificate of appealability; and

**(4)** the Clerk of Court is directed to **CLOSE THIS CASE**.


s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 18, 2019**

O:\MANNION\SHARED\ORDERS - DJ\CIVIL ORDERS\2018 ORDERS\18-1265.DOCX